IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| F.C. BLOXOM COMPANY, INC., a Washington corporation, BOTSFORD & GOODFELLOW, INC., an Oregon corporation; LIPMAN-PORTLAND LLC, a Florida corporation,<br><br>      Plaintiffs,<br><br> v.<br><br>HALLIS PRODUCE, INC., a Washington corporation; and ANDREW C. HALLIS, an individual, and ANDREW C. HALLIS and JANE DOE HALLIS, and the marital community composed thereof,<br><br>      Defendants | Civil Action<br><br>Case No.  C15-5425RJB<br><br>DEFAULT FINAL JUDGMENT |

## I. JUDGMENT SUMMARY

1. Judgment Debtors: Hallis Produce, Inc., a Washington corporation;
            Andrew C. Hallis

2. Judgment Creditors: F.C. Bloxom, Inc., a Washington corporation;
            Botsford & Goodfellow, Inc., an Oregon corporation;
            Lipman-Portland LLC, a Florida corporation.

3. Attorney for    Grant E. Courtney
  Judgment Creditor: Lee Anav Chung White & Kim LLP
            5000 NE North Tolo Road
            Bainbridge Island, Washington 98110

4. Attorneys for   Pro Se
    Defendants

5. Principal Judgment
   Amount:
    F.C. Bloxom:     $440,596.29
    Botsford & Goodfellow: $ 13,905.43
    <u>Lipman:       $ 26,286.80</u>
     Total:      $480,788.52

Final Default Judgment – 1

8. Attorney's Fees and Costs:
    As of July 31, 2015:    $7,480.00 (fees)
                            $1,148.55
    Total:                  $8,628.55

9. Total Judgment Amount: $489,417.07

The Total Amount of Judgment Shall Bear Interest at the maximum rate allowed by law or contract as between the Parties from the date of issuance of each invoice underlying the individual claims of each respective Plaintiff.

## II. Findings of Fact and Conclusions

THIS MATTER came before the Court upon the motion of the Plaintiffs, F.C. Bloxom Co., Inc., ("Bloxom"), Botsford & Goodfellow, Inc., ("Botsford"), and Lipman-Portland LLC., ("Lipman"), for entry of a Default Final Judgment against Emerald City Pre-Pack, Inc., pursuant to Federal Rule of Civil Procedure 55, Local Rule 7(d)(1) and Local Rule 55.

The Court having reviewed the underlying Motion for Default Judgment and exhibits thereto and the files and records herein, it finds as follows:

A. On June 24, 2015, the Plaintiffs commenced an action against the named defendants asserting breach of contract, breach of fiduciary duties, conversion and unlawful retention of trust assets, unjust enrichment, declaratory relief, violation of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e et. seq., and for injunctive relief. The Plaintiffs asserted that the named Defendants were liable to them in the total principal amount of $480,788.52, (comprised of: 1) Bloxom: $440,596.29; 2) Botsford & Goodfellow: $13,905.43; and 3) Lipman-Produce: $26,286.80, plus interest at the applicable rate on each of the underlying invoices and for attorneys' fees and costs.

Final Default Judgment – 2

B.On or about June 24, 2015, the Court issued a Temporary Restraining Order which prohibited Defendant Hallis Produce, Inc., its agents, officers, subsidiaries, assigns, banking and financial institutions, attorneys, and all persons in active concert or participation with said Defendant, including, but not limited to, Defendant Andrew C. Hallis, and his banking and financial institutions, attorneys, agents and assigns, are enjoined and restrained from dissipating, paying, transferring, or assigning any and all assets covered by or subject to the trust provisions of the PACA (Dkt No. 5).  From time to time that Temporary Restraining Order has been extended for a period of no more than fourteen (14) days.

C.On June 25, 2015, the Clerk of the Court issued summonses which directed the named Defendants to file an answer to the complaint or a motion for an extension of time to file such answer no later than twenty (20) days after service.  Service upon the Defendants by regular service was unsuccessful thus, upon motion and hearing, on July 8, 2015, the Court issued an order (Dkt No. 19) in which it authorized the service of the Defendants by publication as allowed under Washington Civil Rule 4(d)(3) and RCW 4.28.100 et. seq.  Shortly thereafter, Plaintiffs made arrangements to have the summons served upon the Defendants by publication in the Tacoma News Tribune by having the legal notice published once a week for six (6) weeks commencing on July 29, 2015, and continuing through September 2, 2015.

D.The deadline to file a responsive pleading has passed and neither Defendant Hallis Produce, Inc., nor Andrew E. Hallis has filed any responsive pleadings nor otherwise appeared in this matter.  In addition to the service by publication the Court authorized service by mailing. The summons, complaint, and all other pleadings in this matter, including the subsequent extension of the Temporary Restraining Order, have been served via United States Mail, first-class, postage prepaid.

Final Default  Judgment  −  3

E.   On September 4, 2015, the Clerk of the Court entered a default against Defendant Hallis Produce, Inc., and Defendant Andrew C. Hallis.  See Docket No. 43.

F.   Since Defendant Hallis Produce, Inc., and Defendant Andrew C. Hallis have not filed responsive pleadings or otherwise raised any defenses to the Plaintiffs' complaint, Defendant Hallis Produce, Inc., and Defendant Andrew C. Hallis are not entitled to notice of this motion for a default judgment.  The Plaintiffs respectfully requests that the Court enter a default judgment against Defendant Hallis Produce, Inc., and Defendant Andrew C. Hallis, jointly and severally, in the total principal amount of $480,788.52 (comprised of: 1) Bloxom: $440,596.29; 2) Botsford & Goodfellow: $13,905.43; and 3) Lipman-Produce: $26,286.80), plus interest at the applicable rate on and from the time of issuance of each of the underlying invoices issued by the respective Plaintiff, and for attorneys' fees and costs.  Plaintiffs are entitled to attorneys' fees and costs based on the contractual agreement between the parties.

G.   That Defendant Hallis Produce, Inc., by and through its officers and directors, controlled the assets of Hallis Produce, Inc., for the purposes of the Perishable Agricultural Commodities Act of 1930, as amended, [7 U.S.C. §499(c)(5)].

H.   As a trustee of the trust created under PACA, Hallis Produce, Inc. and Andrew C. Hallis, had a duty to ensure that they fulfilled their duties as a PACA trustee and maintain the PACA Trust Assets in such a manner so as to ensure that there were, at all times, sufficient PACA Trust Assets available to satisfy all outstanding PACA trust obligations, such as that owed to Plaintiff, as they became due.  Hallis Produce, Inc., and Andrew C. Hallis breached their fiduciary duty to maintain sufficient PACA Trust Assets to pay all PACA trust claims as they became due, and their respective fiduciary duties to direct Hallis Produce, Inc., to fulfill its duties

Final Default Judgment – 4

as PACA trustee to preserve and maintain sufficient PACA Trust Assets to pay each Plaintiff for the Produce supplied by Plaintiff to Hallis Produce.

I.  All of the amounts claimed as due and owing to each of the respective Plaintiffs is entitled to protection under Perishable Agricultural Commodities Act, 7 U.S.C. §499e et. seq. Each Plaintiff has established, in the materials submitted with the Complaint and with the declarations filed in support of the motion for temporary restraining order (Dkt Nos. 1 and 2), that they took the steps necessary to preserve their status as PACA trust beneficiaries, that their claims were entitled to treatment under PACA as trust claims, and that each Defendant had certain fiduciary obligations under PACA. Plaintiffs have further established that they are entitled to injunctive relief under FRCP 65 and that they are entitled to have the previously entered Temporary Restraining Order (Dkt. No. 5) converted to a permanent injunction.

### III. ORDER

The Court, finding that service of the Summons and Complaint were proper and timely, and otherwise being advised in the circumstances, it is hereby;

ORDERED, ADJUDGED AND DECREED,

1. That Defendant Hallis Produce, Inc., is indebted to the Plaintiffs in the total principal amount of $480,788.52, (comprised of: 1) Bloxom: $440,596.29; 2) Botsford & Goodfellow: $13,905.43; and 3) Lipman-Produce: $26,286.80), plus interest at the applicable rate and from the time of issuance on each of the underlying invoices and for attorneys' fees and costs. Judgment is entered accordingly.

2. That Defendant Andrew C. Hallis is indebted to the Plaintiffs in the total principal amount of $480,788.52, (comprised of: 1) Bloxom: $440,596.29; 2) Botsford & Goodfellow: $13,905.43; and 3) Lipman-Produce: $26,286.80), plus interest at the applicable rate and from the

time of issuance on each of the underlying invoices and for attorneys' fees and costs. Judgment is entered accordingly.

3. Hallis Produce, Inc. and Andrew C. Hallis are jointly and severally liable to each Plaintiff in the amount set forth above in paragraph 1, for their respective breaches of their respective fiduciary duties in dissipating the PACA trust to the extent of at least $480,788.52, (comprised of: 1) Bloxom: $440,596.29; 2) Botsford & Goodfellow: $13,905.43; and 3) Lipman-Produce: $26,286.80), plus interest from the date that each invoice became past due, costs and attorneys'' fees.

4. Plaintiffs are entitled to a Judgment as set forth in the Judgment Summary in the amount of $480,788.52, (comprised of: 1) Bloxom: $440,596.29; 2) Botsford & Goodfellow: $13,905.43; and 3) Lipman-Produce: $26,286.80), plus interest from the date that each invoice became past due, costs and attorneys'' fees, jointly and severally against Hallis Produce, Inc., and Andrew C. Hallis..

5. As against Defendant Hallis Produce, Inc., and Andrew C. Hallis, Plaintiffs are awarded damages in the amount of $480,788.52, (comprised of: 1) Bloxom: $440,596.29; 2) Botsford & Goodfellow: $13,905.43; and 3) Lipman-Produce: $26,286.80), plus interest at the contract rate, from the date that each invoice became past due.

6. As against Defendant Hallis Produce, Inc., and Andrew C. Hallis, Plaintiffs are awarded costs in the amount of $1,148.55 and attorney's fees in the amount of $7,480.00.

7. The Temporary Restraining Order (Dkt. No. 5 and subsequent extension) is hereby converted to a permanent injunction. Defendant Hallis Produce, Inc., its agents, officers, subsidiaries, assigns, banking and financial institutions, attorneys, and all persons in active concert or participation with said Defendant, including, but not limited to, Defendant Andrew C.

Hallis, and his banking and financial institutions, attorneys, agents and assigns, are permanently enjoined and restrained from dissipating, paying, transferring, or assigning any and all assets covered by or subject to the trust provisions of the PACA until further order of this Court.

Dated this 21st day of September, 2015.

*[signature]*

ROBERT J. BRYAN
United States District Judge